**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-15-RLV-DCK**

| | |
|---|---|
| JAMES MORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MERCANTILE ADJUSTMENT BUREAU, LLC., | ) |
| | ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER

Plaintiff, James Morton ("Plaintiff"), and Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), have agreed that certain documents, things, materials, and/or information that may be provided by a Party to this Agreement should be treated as confidential and referred to as "Confidential Material" if so designated by the producing Party. Plaintiff and MAB (collectively "Parties") agree to be bound by the following provisions:

IT IS HEREBY ORDERED that:

1. The Parties to this Agreement agree that the disclosure of Confidential Material may have the effect of causing harm to the person, firm, corporation, or organization from which the information was obtained.

2. A Party to this Agreement may designate materials as "CONFIDENTIAL" to the extent that the Party, through counsel, believes such materials are confidential because they include: confidential business or technical information; trade secrets; proprietary business methods or practices; or personal information regarding Plaintiff or any of MAB's current or former agents or employees.

3. This Confidentiality Agreement is without prejudice to the right of any Party to this Agreement to contest a designation of Confidential Material as inappropriate. In the event a Party receiving materials marked "CONFIDENTIAL" believes that certain materials have been improperly so designated, it may communicate that fact to counsel for the producing Party identifying the Confidential Material at issue in writing. If a Party communicates a challenge to a designation, any Party will then have sixty (60) days from the date of any such notice to submit the challenged materials to the Court, along with a motion seeking to adjudicate the confidentiality of the materials at issue. The Parties may jointly agree to extend the time for filing such a motion, if they believe doing so will avoid the potentially unnecessary expenditure of resources by the Court. The challenging Party then has twenty (20) business days from the date of the filing of the motion by the producing Party to submit a memorandum to the Court objecting to the designation of the materials at issue as Confidential Material. All materials at issue shall be treated as Confidential Material until the Court rules otherwise. Nothing in this Agreement shall shift the burden of proof on this motion.

4. Confidential Material and any summaries, copies, abstracts, or other documents derived, in whole or in part, from same shall be used only for the purpose of the prosecution, defense, trial, or settlement of this case.

5. Confidential Material may be used in pleadings, motions, briefs, expert reports, expert reviews, and expert testimony. The Confidential Material may also be used in depositions and marked as deposition exhibits in this case. However, no Confidential Material shall be used in pleadings, motions, briefs, expert reports, or any other documents filed with the Court unless it, or the portion of the paper in which it is revealed, is appropriately marked "CONFIDENTIAL" and filed under seal with this Court pursuant to LCvR 6.1. This agreement

does not govern the use of Confidential Material at trial or hearings on dispositive motions, except that any documents previously designated "CONFIDENTIAL" must remain so designated. Any party may then request a jury instruction or other limiting instruction by the Court regarding trial documents.

6. This Agreement shall not prevent disclosure to the persons who were the authors, addressees, or recipients of the Confidential Material. Counsel may discuss the conduct or affairs referred to in the Confidential Material with persons who, without disclosure of the conduct or affairs to them by anyone in the course of the case, first indicate that they have knowledge of such conduct or affairs. Such discussion shall not constitute disclosure within the meaning of this Agreement.

7. The restrictions and obligations relating to the Confidential Material in accordance with this Agreement shall not apply to anything upon which all Parties to this Agreement agree in writing or which the Court rules was publicly known at the time it was produced to the receiving Party to this Agreement or which has since become publicly known through no fault of the receiving Party to this Agreement.

8. In the event that any Confidential Material is used in any proceeding in this case, it shall not lose its confidential status through such use and the Party to this Agreement using such Confidential Material agrees to use its best efforts to maintain its confidentiality during such use. No provision of this Agreement shall be construed to limit the disclosure of Confidential Material to the Court or any jury member in the trial of this matter.

9. No provision of this Agreement shall be construed as a requirement that any Party to this Agreement disclose privileged information or as a waiver of any privilege by any Party to this Agreement. This Agreement shall not be construed as a waiver by the Parties to this

Agreement of any objection that may arise as to the admissibility of any document or information. This Agreement shall be without prejudice to the right of any Party to this Agreement to oppose the production of any information or document on grounds of lack of relevance or materiality or for any other purpose.

10. If there is a breach or threatened breach of this Agreement, the Parties to this Agreement acknowledge that the non-breaching Party to this Agreement shall be entitled to an injunction restraining the breaching Party to this Agreement from such breach.

11. This Agreement shall survive the termination of this case. Within thirty (30) days of the termination of this case, or any appellate proceedings related thereto, the Parties to this Agreement shall assemble and return to each other all documents, or other materials designated as "CONFIDENTIAL" and all copies, except for court exhibits and deposition transcripts.

12. Nothing in this Agreement shall prevent any Party to this Agreement in this case from seeking modification of this Agreement. The intent of this Agreement is to provide a mechanism by which the Parties to this Agreement may protect their confidences and personal and sensitive proprietary information during litigation of this case.

**IT IS SO ORDERED**:

Signed: March 13, 2012

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

/s/ Travis E. Collum  
Travis E. Collum, Esq.  
Collum & Perry, PLLC  
P.O. Box 1739  
Mooresville, NC  28115  
Phone: (704) 663-4187  
Email: travis@collumperry.com  
*Attorney for Plaintiff*

/s/ Amy L. Rich  
Amy L. Rich, Esq.  
Doughton & Rich, PLLC  
633 West Fourth Street, Suite 150  
Winston-Salem, NC  27101  
Telephone:     (336) 725-9416 Ext. 209  
Email: arich@doughtonrichlaw.com  
*Attorney for Mercantile Adjustment Bureau LLC*